(C.D. 4422)

GENERAL INSTRUMENT CORPORATION *v.* UNITED STATES

(Decided May 3, 1973)

*Lincoln & Stewart* (*Eugene L. Stewart* of counsel) for the plaintiff.
*Harlington Wood, Jr.*, Assistant Attorney General (*James Caffentzis*, trial attorney), for the defendant.

RICHARDSON, Judge: The merchandise of this action consists of germanium transistors (2N404 – metal can) which were exported from Taiwan in October of 1967, and classified in liquidation upon entry at the port of New York under TSUS item 687.60 at 12.5 *per centum ad valorem*. The parties agree that the merchandise was correctly classified.

The imported transistors were assembled abroad from products produced in and exported from the United States. And the import entry claimed duty-free treatment under TSUS item 807.00 with respect to these products incorporated in the transistors which are, namely, can, emitter pellet, header, collector pellet, formed lead wires, base tab, and die.

The appropriate customs officials denied item 807.00 treatment as to the lead wires and base tab, and granted such treatment as to the other products of United States origin. And plaintiff's administrative protest against the denial of item 807.00 treatment as to the lead wires and base tab was disallowed, and the present action ensued.

At the trial plaintiff called one witness, M. Frank Garbis, and introduced five exhibits including the official papers. The government presented no witnesses or other evidence. Subsequent to the trial plaintiff filed a twenty-two page brief. The government responded with a statement in lieu of a brief.

In its statement, the government asserts:

> After reviewing the record made at the trial at bar, defendant now concedes that it was in error in denying item 807.00, TSUS,

treatment to the aforementioned products. The proof presented by plaintiff establishes to our satisfaction that the base tab and the precut and formed lead wires are fabricated components, the products of the United States, which were exported to Taiwan in condition ready for assembly without further fabrication. Furthermore, the record also establishes to our satisfaction that the involved components did not lose their physical identities in the imported article by change in shape, form, or otherwise. And, finally, the record establishes to our satisfaction that said components were not advanced in value or improved in condition abroad except by being assembled.

Based upon the record made herein, defendant consents to the Court granting relief in the form of a judgment sustaining plaintiff's claims that the base tab and the precut and formed lead wires are entitled to an allowance under item 807.00, TSUS.

In view of the evidence of record, and the defendant's concessions, the court finds that the base tab and formed lead wires:

1. were fabricated components, the product of the United States at the time of their exportation to Taiwan;

2. were exported in condition ready for assembly into the imported transistors without further fabrication;

3. did not lose their physical identity in such transistors by change in form, shape, or otherwise; and

4. were not advanced in value or improved in condition abroad except by being assembled and except by operations incidental to the assembly process.

It follows from these findings that the complaint herein is sustained by the evidence. Consequently, the lead wires and base tab are entitled to duty-free treatment under TSUS item 807.00.

Judgment will be entered herein accordingly.